UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY D. CUSACK,

                              Plaintiff,

                                                                    <u>DECISION AND ORDER</u>

                                                                      09-CV-6139L

            v.

DELPHI CORPORATION,
EDWARD R. PEET, Personnel Director

                              Defendant.
_____

## **INTRODUCTION**

      Plaintiff Larry D. Cusack ("Cusack"), proceeding *pro se*, brings this action alleging that defendants Delphi Corporation ("Delphi") and its Personnel Director, Edward R. Peet ("Peet"), discriminated against him with respect to his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

      On or about April 25, 2008, Cusack filed a discrimination complaint against defendants with the New York State Division of Human Rights ("NYSDHR") alleging that Delphi had placed him on sick leave and refused to permit him to return do work, due to his disability of "stress, depression." (Dkt. #6-3).

      After investigating Cusack's claims, on October 22, 2008, the NYSDHR issued a "no cause" finding and dismissed Cusack's complaint, determining that Delphi had not discriminated

against Cusack. An independent medical examiner ("IME") had recommended to Delphi that Cusack be permitted to return to work only after he provided proof that he was being treated by a therapist with full access to his psychiatric history. *Id.* The NYSDHR concluded that Delphi's adoption of the IME's recommendation was reasonable, and not the result of unlawful discrimination. *Id.* The NYSDHR's findings were adopted by the Equal Employment Opportunity Commission, and Cusack was issued a "Right to Sue" letter, on January 30, 2009. Cusack appealed the NYSDHR's findings to the State of New York Supreme Court, County of Monroe, which denied and dismissed his petition by Order dated April 17, 2009. (Dkt. #6-5).

On March 20, 2009, Cusack initiated the instant action, purporting to assert claims under the ADA against Delphi and Peet, in his individual capacity.

Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 8(a) and 12(b)(6), on the grounds that Cusack's complaint fails to state a cause of action, includes claims outside the scope of Cusack's underlying administrative charge, and/or asserts claims that are untimely. (Dkt. #6). For the reasons set forth below, defendants' motion to dismiss is granted, and the complaint is dismissed.

## DISCUSSION

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the Complaint, and those documents attached to the Complaint or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). The Court must "accept the allegations contained in the complaint as true, and draw all

reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "bald assertions and conclusions of law will not suffice," *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007), and where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. 544 at 570.

**I.     Cusack's Claims Against Peet in his Individual Capacity**

It is well settled that individuals are not "employers" for purposes of the ADA, and thus are not subject to liability in their personal capacities under the ADA. *See Corr v. MTA Long Island Bus*, 1999 U.S. App. LEXIS 25058 at *4 (2d Cir. 1999), *citing Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995). Cusack's claims against Peet in his individual capacity are therefore dismissed.

**II.    Cusack's ADA Claims**

Title I of the ADA prohibits employers from discriminating again any "qualified individual with a disability because of the disability of such individual in regard to" any aspect of employment. 42 U.S.C. §12112(a). A plaintiff asserting a violation of the ADA must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3)

he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability. *See Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001). For purposes of the ADA, a disabled individual is one who: "(I) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 42 U.S.C. §12102(2). An impairment cannot be demonstrated merely through evidence of a medical diagnoses; rather, the ADA "requires those claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002).[1]

Upon careful review of Cusack's complaint and its attachments, I find that he has failed to "amplify [his] claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007).

Initially, Cusack fails to specify or describe an impairment which substantially limits one or more major life activities. Cusack alleges that he suffers from "severe depression/stress," but does not allege that his depression and/or stress impairs, substantially or otherwise, his engagement in any major life activity. *See Dean v. Westchester County P.R.C.*, 309 F. Supp. 2d

---

[1] The Court notes that the recently-enacted ADA Amendments Act ("ADA AA") has superseded *Toyota Motor Mfg., Ky., Inc.* and other Supreme Court precedent, in part, by broadening the definition of disability and enlarging the scope of protection available under the ADA. *See* ADA Amendments Act of 2008, Pub. L. 110-325, 122 Stat. 3553 (2008). However, the amendments, which took effect January 1, 2009, do not apply retroactively, and thus do not impact the Court's analysis here. *See, e.g.*, *Moran v. Premier Educ. Group, LP*, 599 F. Supp.2d 263, 271-272 (D. Conn. 2009) (collecting cases).

587, 593-594 ("a medical diagnosis of depression is not the 'sin qua non' of having an ADA disability . . . unless such an impairment limits a major life activity," and where plaintiff fails to allege such an impairment, his complaint must be dismissed). Cusack also makes no allegation that a record of such an impairment exists.

Although Cusack indicated "yes" next to the question, "[a]re you incorrectly perceived as being disabled by your employer?" on his form complaint (Dkt. #1 at 4), he does not allege any facts that would support such a claim. To the contrary, correspondence which was sent to Cusack by Delphi, and which Cusack attached and incorporated into his complaint, indicates that Delphi not only considered Cusack able to work, but for several months stood ready to permit Cusack's immediate return to work on the sole condition that he produce paperwork demonstrating that he was in compliance with the IME's recommendations concerning mental health treatment. (Dkt. #1, August 20, 2008 Letter (unlabeled exhibit)).

Having failed to allege facts stating a "plausible" claim that he was disabled, had a record of disability or that Delphi perceived him to be disabled, Cusack has failed to state a claim of discrimination pursuant to the ADA, and his complaint must be dismissed. *See generally Iqbal v. Hasty*, 490 F.3d 143 at 157-158.

## III. Cusack's Wrongful Termination Claim

Although Cusack's administrative charge was limited to claims of disability-related discrimination occurring during his employment with Delphi, Cusack now attempts to assert that his eventual termination was also motivated by discrimination.

Under Title I of the ADA, an employee must file an administrative charge of discrimination before he may commence an action under the ADA in federal court. *See* 42 U.S.C. §12117(a); *Simmons v. Moodt*, 36 Fed. Appx. 676, 677 (2d Cir. 2002) ("[a] prerequisite to the filing of a complaint under the ADA is the filing of a discrimination claim with the EEOC [or other appropriate agency] within 300 days of the allegedly discriminatory action"). Cusack's April 25, 20008 NYSDHR charge included no allegations of wrongful termination – indeed, the charge predated his termination, which occurred four months later on August 20, 2008 – and the record offers no basis which would justify equitable tolling of Cusack's time to file such a charge. Accordingly, this Court lacks jurisdiction to decide Cusack's discrimination claim arising out of his termination, and that claim must be dismissed.

**IV.     Cusack's Cross Motion to Amend the Complaint**

Cusack also moves to "amend his civil case to be filed under harassment a form of Employment Discrimination that violates Title VII of the Civil Rights Act of 1964..." (Dkt. #26 at 1).

While leave to amend a complaint is to be freely given under ordinary circumstances, denial of leave to amend is proper where the proposed amendment would be futile. *See generally* Fed. R. Civ. Proc. 15(a); *Douglas v. Stamco*, 2010 U.S. App. LEXIS 2107 at *6 (2d Cir. 2010).

Here, Cusack does not allege, nor does the record otherwise reflect, that Cusack ever filed an administrative complaint alleging discrimination or harassment based on race, gender, or any other criteria protected under Title VII. Furthermore, there is no basis to conclude that claims of discrimination based on Title VII grounds would have been investigated by the NYSDHR in

connection with Cusack's charge of disability discrimination, or that his proposed Title VII claims are in any way "reasonably related" to his ADA claims. *See Hawkins v. Wegmans Food Market*, 2007 U.S. App. LEXIS 12014 at *3 (2d Cir. 2007) (unexhausted race and age discrimination claims are not "reasonably related" to gender and disability discrimination claims recited in plaintiff's administrative complaint, and therefore must be dismissed), *citing Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). In any event, Cusack's proposed new claim fails to state a claim under Title VII: it refers only to defendants' "lack of compassion of victims of domestic workplace violence" and disability-related discrimination, and contains no averment of membership in any class entitled to Title VII protection. *See Gasparik v. Stony Brook Univ.*, 296 Fed. Appx. 151, 152 (2d Cir. 2008).

I therefore find that Cusack's proposed Title VII claims would be subject to dismissal for, inter alia, failure to comply with the jurisdictional prerequisite of a timely administrative charge. *See Yobo v. N.Y. State Facilities Dev. Corp.*, 13 Fed. Appx. 41, 42-43 (2d Cir. 2001) (district court's denial of motion to amend as "futile" was not an abuse of discretion, where plaintiff failed to file a timely administrative charge relating to the proposed new claim). Cusack's motion to amend is therefore denied.

## CONCLUSION

For the foregoing reasons, I find that Cusack has failed to state a claim upon which relief can be granted pursuant to the ADA, and that amendment of his complaint to add discrimination claims under Title VII would be futile. Accordingly, defendants' motion to dismiss the

complaint (Dkt. #6) is granted, and the complaint is dismissed in its entirety, with prejudice. Cusack's motion to amend the complaint to add Title VII claims (Dkt. #26) is denied. Cusack's request for appointment of a mediator (Dkt. #31), and his motion to consolidate this matter with another case involving different claims and defendants, *Cusack v. Maloney et al.*, 09-CV-6673 (Dkt. #32), are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 18, 2010.